LEONARD HOWARD v. THE STATE.

No. 3409.    Decided February 14, 1905.

**Lottery—Statutes Construed—Insufficiency of Evidence.**

Where the indictment charged the defendant with violating article 377, Penal Code, by establishing a lottery, but did not charge him with a violation under the second clause of said article, with disposing of property; and there was no evidence to show that he established the lottery in question, but only testimony that defendant was in the room and handled tickets and turned the wheel, etc., there was not sufficient evidence to convict him of establishing a lottery, and the testimony, with reference to disposing of property, should not have been admitted under the indictment.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of establishing a lottery; penalty, a fine of $100.

The opinion states the case.

*Brockman & Kahn,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The charging part of the indictment is that appellant "did then and there unlawfully establish a lottery, for the purpose of exposing money to be by lot and chance of certain drawings to be disposed of and distributed to and among the persons who should become the purchasers of tickets therein, said lottery commonly known as policy, a more particular description of which said lottery and the mode of carrying it on is to the said grand jurors unknown." Article 373, Penal Code, is as follows: "If any person shall establish a lottery or dispose of any estate, real or personal by lottery, he shall be fined not less than $100 nor more than $1,000. The charging part of this indictment undertakes to include only the first section of the statute; that is "establishing a lottery." It does not include the second, which relates to disposing of any estate, real or personal by lottery. There are two ways it seems by which this statute may be

violated; (1) by establishing a lottery; and (2) by disposing of property. C. H. Abbott was permitted to testify that about the time alleged in the indictment he saw defendant in the room up over a grocery store, in the city of Houston, Texas, and saw defendant take tickets and lay them on a table at the wheel called "policy." The same witness testified that he bought a policy ticket about the time alleged in the indictment in the room at the place where he claims he saw defendant, but did not buy it from defendant and did not know defendant had anything to do with it. Various objections were urged to the introduction of this testimony, which we think are well taken. If appellant exposed a lottery ticket he might be guilty under the second clause of the statute, but not under the first; and certainly he would not be responsible for a sale of the ticket by any one else, unless he was shown to have been connected with or acted in concert with the seller, or was acting with those who established the lottery. Some of this evidence might have been pertinent, if defendant had been charged with disposing of the tickets. But all the evidence in the case fails to show that appellant, as we understand the record, had anything to do with establishing it, unless it be shown in the evidence that he was seen at one time with money in his hand in the house where many people were assembled and betting at the lottery, or by the further evidence that he is shown at one time to have turned the policy wheel, which witnesses show could have been done by one of the interested parties, or by any one designated by the holders of tickets. In our judgment, this testimony should have been excluded.

Burke was permitted to testify that at one time while he was in the room described by Abbott, he saw defendant walk around but doing nothing else except that he saw him across the room with what he thought was money in his hand. Burke also testified that he bought a ticket for 15 cents, and drew $27 on it. He further testified, that defendant did not sell him the ticket, nor pay him the money, nor have any connection with it. This testimony was objected to, and the objection should have been sustained. There are quite a number of errors assigned, and other matters suggested, but without going into a detailed statement of the facts, we believe the evidence is not sufficient to show that appellant was acting with or concerned in the *establishment* of the lottery. It may be the fact that appellant turned the wheel and handled the ticket on the occasion mentioned by one of the witnesses tended to show that he was connected with it in some way, but it is not sufficient to show that he *established* the lottery. The fact that he was in the room with the crowd was no stronger evidence against him of the establishment of the lottery, then it was against Abbott, Burke and other witnesses. Not being on trial for disposing of lottery tickets, and the evidence not being sufficient to show that he established a lottery, as well as on account of the errors in admitting testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*